ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| DIONISIO FILOMENO OSORIO, CARMEN JULIA RIVERA y la sociedad legal de gananciales compuesta por ellos,  peticionaria,  *Ex parte*. | KLAN202400529 | **APELACIÓN acogida como *CERTIORARI*** procedente del Tribunal de Primera Instancia, Región Judicial de Fajardo, Sala Superior de Río Grande.  Civil núm.: RG2023CV00424.  Sobre: expediente de dominio. |
|---|---|---|

Panel integrado por su presidente, el juez Hernández Sánchez, la jueza Romero García y la jueza Martínez Cordero.

Romero García, jueza ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de junio de 2024.

El 30 de mayo de 2024, la parte peticionaria del título presentó un escrito intitulado *Apelación*, el cual fue acogido como un recurso de *certiorari*[1]. En él solicitó que este foro intermedio revocara la *Sentencia*[2] emitida por el Tribunal de Primera Instancia el 11 de abril de 2024, notificada al día siguiente[3].

En su resolución final, el foro primario concluyó que: (1) no entendía justificado el dominio de los peticionarios sobre la propiedad objeto de la petición; (2) la información contenida en el *Certificado de Mensura*, relacionada con los colindantes, contrastaba significativamente con lo alegado en la petición, así como con el resto de la prueba desfilada en evidencia; y, (3) no se había cumplido con los requisitos de ley para esta

---

[1] Ello así, pues se trata de la revisión de una determinación del foro primario en un caso de jurisdicción voluntaria. *Véase*, Regla 32(c) del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. No obstante, mantuvimos la designación alfanumérica asignada por la Secretaría de este Tribunal.

[2] La determinación del foro primario fue intitulada *Sentencia*. Sin embargo, y conforme al Art. 188 de la Ley Núm. 210-2015, según enmendada, *Ley del Registro de la Propiedad Inmobiliaria de Puerto Rico*, 30 LPRA sec. 6294, debió intitularse *Resolución*, pues el asunto nunca se tornó contencioso.

[3] *Véase*, apéndice del recurso, a las págs. 1-2.

Número identificador

RES2024_____

petición. Así pues, el tribunal ordenó el archivo y sobreseimiento de la petición de expediente de dominio.

Apuntamos que, previo a su resolución final, el tribunal celebró una vista evidenciaria el 8 de abril de 2024. En ella, estuvo presente el fiscal Fernando Quintero El Hage, y testificaron don Dionisio Filomeno Osorio, el señor William Becerril, vecino del lugar, y el ingeniero Iván Robles Ramos, quien mensuró la finca. No obstante, no contamos con una transcripción de la prueba oral.

Evaluada la prueba, el tribunal dispuso del caso el 11 de abril de 2024. Insatisfecha, la parte peticionaria presentó una solicitud de reconsideración el 25 de abril de 2024[4].

El 2 de mayo de 2024, notificada al día siguiente, el tribunal declaró sin lugar la solicitud de reconsideración[5]. En esta resolución, el tribunal abundó sobre los defectos en la prueba desfilada; particularmente, apuntó que, del testimonio de don Dionisio Filomeno había surgido, que él no vivía la propiedad, ni la ha vivido. De hecho, su testimonio reflejó que allí vivieron su abuelo paterno y su tío paterno. Al fallecer su tío y la esposa de este, la hija de ambos residió la propiedad por un tiempo. Inclusive, la prima de don Dionisio procreó hijos, cuyas posturas sobre la controversia desconocemos. Luego, la propiedad quedó deshabitada por 10 años y hace aproximadamente 7 años que nadie la vive, aunque don Dionisio pasa de vez en cuando a darle mantenimiento.

Por tanto, el tribunal acotó que don Dionisio no había cumplido con el Art. 185, incisos (1)(a), (1)(h) y 2(d) de la Ley Núm. 210-2015, según enmendada, 30 LPRA sec. 6291, por lo que no podía concluir que se justificase el dominio sobre esa propiedad y la inmatriculación a su nombre. Además, el tribunal apuntó que don Dionisio tampoco había cumplido con los artículos 193 y 197 de la Ley Núm. 210-2015, según enmendada, 30 LPRA secs. 6301 y 6313, respectivamente.

---

[4] *Véase*, apéndice del recurso, a las págs. 3-12.

[5] *Íd.*, a las págs. 13-14.

Aún inconforme, la parte peticionaria instó este recurso el 30 de mayo de 2024, y apuntó la comisión del siguiente error:

A juicio de la Parte Peticionaria erró el Honorable Tribunal al resolver, sin apoyo en la evidencia sometida, que por haber notificado el ingeniero la intención de mensura a los que resultan colindantes según el CRIM, sustancialmente son los mismos que los colindantes inmediatos previamente notificados, (por lo cual ya conocían del proceso judicial en desarrollo) la prueba desfilada sobre cumplimiento de los requisitos del ordenamiento resultaba inconsistente y en consecuencia no se habían establecido el derecho del Peticionario a inscripción registral mediante expediente de dominio.

En síntesis, la parte peticionaria fundamenta su recurso en que el foro primario debió dar por buenas las citaciones a los colindantes de la finca, según estos surgían del Centro de Recaudación de Ingresos Municipales o CRIM. Es decir, que, según la peticionaria, ese fue el único fundamento en que el tribunal basó su resolución final.

De otra parte, conforme le fuera ordenado, el Ministerio Público compareció por conducto de la Oficina del Procurador General el 26 de junio de 2024.

Examinados los sendos escritos de las partes comparecientes, a la luz del derecho aplicable, este Tribunal concluye que la parte peticionaria no logró establecer que el foro primario hubiera incurrido en error alguno, que justifique nuestra intervención en este caso. Afirmamos que, en este caso, no concurren los criterios establecidos en la Regla 40 de este Tribunal, 4 LPRA Ap. XXII-B, para expedir el auto de *certiorari*.

En su consecuencia, **denegamos** la expedición del recurso de *certiorari.*

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones